Johnson, C. J. The only cause assigned for error, which we deem it material to notice, relates to the power of the attorney in fact to confess the judgment so as to bind the plaintiffs. The objection is that, although the attorney was only authorized to confess the judgment, in case the plaintiffs should fail to pay the sum of five hundred and sixty dollars, on or before the-day of-, 1847, yet, the judgment was confessed on the 22d day of June, A. D. 1847. The argument is that, inasmuch as no day nor month was specified, therefore the plaintiffs were entitled to the whole of the year of 1847 to make the payment, and thereby to defeat the execution of the power. The question here presented is, whether the true dates were capable of being supplied by parol proof, because if so, the legal presumption is, that such proof was made before the court as such a presumption would be necessary to support the judgment. It is not true, that the attorney was required to show that the five hundred and sixty dollars had not been paid, as this, in the nature of things, would have been utterly impracticable. We think that it was clearly competent for him to establish the true dates by parol evidence, and consequently, that in the absence of such proof to the contrary, the presumption is that such proof was made, and the same presumption equally holds in respect to the non-payment of the sum which was to defeat the power. The authority of the attorney to confess the judgment at the time the confession purports to have been made, is strongly inferrible from the power itself, coupled as it is with the declaration. The power purports to have been executed on the 17th of March, 1847, and expressly refers to a note set out and described in the “annexed and foregoing declaration,” which declaration was brought to the April term, 1847. The suit having been brought to the April term, it is but fair to presume that, unless the amount stipulated to be paid, which was to operate as a defeasance of the power, was actually received during that term, he would have insisted upon a judgment for the amount then due upon the note. But these presumptions can arise alone upon the supposition that the court had first acquired jurisdiction of the subject matter and of the parties. Was such the case ? It is clear that if the court had jurisdiction of the persons of the plaintiffs, it must have acquired it by means of the power of attorney, which purports to have been executed by them. Did the power carry its own verity and authenticity upon its face, or did it require proof aliunde ? True it is that our statute provides that “where any declaration, petition, statement, or other pleading, shall be founded on any instrument or note, in writing, whether the same be under seal or not, charged to have been executed by the other party, and not alleged therein to be lost or destroyed, such instrument shall be received in evidence, unless the party charged with having executed the same deny the execution of such writing by plea, supported by the affidavit of the party pleading, which affidavit shall be filed with the plea.” Thus it will appear that the instrument which is declared upon, and upon which the party relies as the basis of his action, is made by this statute to carry a presumption of its genuineness upon its face, and which presumption is all-sufficient for the purposes of the plaintiff unless rebutted by an affidavit of the defendant. This statute is an innovation upon the common law, and, as a matter of course, cannot be extended so as to embrace other instruments than those specially enumerated. The power of attorney was not introduced to the notice of the court as an instrument constituting the foundation of the action, but simply as a collateral paper, and, as a necessary consequence, could not be legally admitted as evidence of the facts contained in it, until a foundation was first laid for its introduction. The parties by whom it purports to have been executed were neither actually, nor in construction of law presumed to be, present to dispute its validity in case it were subject to be impeached: and therefore the absolute necessity for exacting extrinsic evidence of its authenticity. Without the power of attorney, and that properly established to have been made and executed by the parties, it is clear that the court could not assume jurisdiction of the persons of the plaintiffs, and, that being assential to the jurisdiction, no presumption can bo indulged that such proof was actually made before the court. This doctrine was fully borne out by the supreme court of Alabama, in the case of Hodges and Picket vs. Ashurst & Sons, and Bissell and Carville vs. Carville & Co.: the first reported in 2 Ala. Rep. N. 8., p. 303, and the second in 6 Ala. Rep. N. S., p. 503. In the first of these cases the court said that “in the case at bar the judgment entry is very inartifi-cial and untechnical, yet we think it may be sustained. It recites a written authority to the attorney to make the confession, the proof of that authority and the sum for which the judgment was to be rendered. This seems to have been followed in the cogno-vit and entry which gives effect to it. It would certainly be a safer proctice, where a judgment is confessed under a letter of attorney, to set out the authority in extenso, that the regularity of the proceeding may appear from an inspection of the record, yet as no rule of law requires this, we cannot say that the confession was unauthorized where the judgment contains all the essen-sentials requisite to its validity.” In the latter case, the judgment entry recited the appearance of the defendants, by J. P. S., who confessed a judgment for them under a power of attorney, which was filed with the papers in the cause. The court, in that state of case, held: 1st, that the defendants, having appeared by attorney, could not object to the want or irregularity of the service of process: 2d, that the mere production of the power of attorney did not make it a part of the record, but that the recital of its contents was sufficient to support the judgment: 3d, that it was not a conclusion of law that the power of attorney was not the act of both defendants because it was executed in the firm name: 4th, that, although the judgment would have been more technical if it had affirmed that the power of attorney was duly proved, yet it might be intended that its execution was satisfactorily shown. The legal intendment of which the court speaks in that case is clearly predicated upon the fact that the record shows an appearance of the defendants. The power in this case is no part of the record in strictness, yet, inasmuch as it is referred to in the judgment, it would perhaps have been sufficient to sustain it in case the necessary proof had been made to establish it as the genuine act and deed of the plaintiffs. The reason why proof of authority under which the attorney in fact assumes to act is necessary, must be obvious at the first blush. The paper purporting to be a power, and by which a party is authorized to confess a judgment for another, is introduced to the notice of the court, and that too without any notice to the party to be bound by it either actual or constructive. It cannot be said, in such a case, that the power imports verity upon its face, and that the presumption of its genuineness will prevail unless rebutted by the plea of the party by whom it purports to have been executed, supported by his affidavit. We are, therefore, clearly of the opinion that the court did not acquire jurisdiction of the plaintiffs in error, since the record utterly fails to show that the power was duly proven. An attorney at law is fully authorized, in virtue of his oath as an officer of the court, to confess a judgment for his client without an express warrant: but not so with a mere attorney in fact who assumes to act under a specially delegated authority, for in such cases it is absolutely necessary that the record should show, and that affirmatively, that the power under which he acted was duly established before the court. It is, therefore, clear that such proof is essential to a legitimate exercise of the power, and, as a matter of course, no valid judgment could be rendered against the plaintiffs, as a full, and complete power was essential to confer jurisdiction over them. The judgment is therefore reversed.